**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ashley Marie D.,

Plaintiff(s),

v.

Frank Bisignano,

Defendant(s).

Case No. 2:26-cv-00766-NJK

**ORDER**

[Docket No. 22]

This case involves judicial review of administrative action by the Commissioner of Social Security denying Plaintiff's application for benefits pursuant to Titles II and XVI of the Social Security Act. Pending before the Court is Plaintiff's opening brief seeking reversal and remand. Docket No. 22. The Commissioner filed a responsive brief in opposition. Docket No. 24. Plaintiff filed a reply. Docket No. 25. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 2-3.

A social security claimant bears the burden on appeal of establishing not just that the ALJ erred below, but also that the error is harmful. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (discussing *Shinseki v. Sanders,* 556 U.S. 396 (2009)). "Simply arguing that the ALJ erred in crafting the RFC is insufficient to establish harmful error; the claimant must explain why the alleged error impacted the ultimate non-disability determination." *Jessica V. v. Bisignano*, 807 F. Supp. 3d 1225, 1234 (D. Nev. 2025). Courts routinely find harmless error when the claimant identifies no additional limitations beyond those already incorporated into the RFC. *See, e.g.*, *Champagne v. Colvin*, 582 Fed. Appx. 696, 697 (9th Cir. 2014). "Courts also routinely find harmless error when the claimant fails to explain how the disputed impairment would be inconsistent with the jobs identified by the vocational expert." *Kevin Andre G. v. Bisignano*, No. 2:25-cv-01776-NJK, 2026 WL 1602268, at *3 (D. Nev. June 2, 2026) (citing *Jones v. O'Malley*, No. 2:23-cv-05014-AJR, 2024 WL 5182413, at *5 (C.D. Cal. Jan. 12, 2024)).

At the hearing before the ALJ, Plaintiff testified about her migraines as follows:

> Q How frequently do you have migraines?
>
> A My migraines, they actually have got better since I stopped smoking cigarettes, but I still have migraines to the point where my vision gets very blurry and I can't drive, can't see. I get them probably once a week. The bad ones is about once a week. I get small headaches here and there, two or three times a week, but my -- the migraines is once a week, and that's when I'll take my medicine.
>
> Q How long do those last and do you need to be laying down in a dark room?
>
> A I do, yes. I usually lay down for about 25 to 30 minutes in the dark. I do -- I try to do breathing exercises and stuff like that because sometimes they hurt to the point of breathing. They get intense to where even when I take a deep breath I can feel the pressure on my brain. But the medicine does improve my symptoms.

A.R. 63-64. Plaintiff brings this appeal raising one argument that the ALJ improperly rejected this migraine testimony. Docket No. 22. Although raised by the Commissioner, *see* Docket No. 24 at 9-10,[1] neither Plaintiff's opening brief nor her reply argues that the alleged error impacted the ultimate non-disability determination, *see* Docket No. 25 at 2 (continuing to assert baldly in reply that "the ALJ erred and a remand is necessary"). Having failed to meet her burden of showing harmful error, Plaintiff is not entitled to relief on appeal.

Accordingly, the decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: August 6, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] Plaintiff's opening brief includes a bald statement that the ALJ's alleged failure to properly address her migraine testimony "warrants remand" pursuant to *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024). *See* Docket No. 22 at 7. In the cited case, however, the Commissioner conceded that the error was not harmless. *See Ferguson*, 95 F.4th at 1204 ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment of the district court with instructions to remand . . .").